ORIGINAL

FILED
07 JUN 13 AM 11:51
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
   San Francisco, CA  94105-2994
3  Telephone:  (415) 268-2000
4  Facsimile:   (415) 268-1999
   Email:       matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   WARNER BROS. RECORDS INC.;
7  VIRGIN RECORDS AMERICA, INC.;
   BMG MUSIC; MAVERICK RECORDING
8  COMPANY; INTERSCOPE RECORDS;
   SONY BMG MUSIC ENTERTAINMENT;
9  and ARISTA RECORDS LLC
10

E-filing

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JCS

C 07  3094

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; BMG MUSIC, a New York general partnership; MAVERICK RECORDING COMPANY, a California joint venture; INTERSCOPE RECORDS, a California general partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and ARISTA RECORDS LLC, a Delaware limited liability company,<br>　　　　　　Plaintiffs,<br><br>　　v.<br><br><br>JOHN DOE,<br>　　　　　　Defendant. | CASE NO.<br><br>***EX PARTE*** **APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY** |

Ex Parte Application for Leave to Take Immediate Discovery
Case No.
#30424 v1

Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 45, the Declaration of Carlos Linares, and the authorities cited in the supporting Memorandum of Law, hereby apply *ex parte* for an Order permitting Plaintiffs to take immediate discovery.

In support thereof, Plaintiffs represent as follows:

1. Plaintiffs, record companies who own the copyrights in the most popular sound recordings in the United States, seek leave of the Court to serve limited, immediate discovery on a third party Internet Service Provider ("ISP") to determine the true identities of Doe Defendants, who are being sued for direct copyright infringement.

2. As alleged in the complaint, the Defendant John Doe, without authorization, used an online media distribution system to download Plaintiffs' copyrighted works and/or distribute copyrighted works to the public. Although Plaintiffs do not know the true names of Defendants John Doe, Plaintiffs have identified Defendant by a unique Internet Protocol ("IP") address assigned to Defendant on the date and time of Defendant's infringing activity.

3. Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking documents that identify Defendant's true name, current (and permanent) address and telephone number, e-mail address, and Media Access Control ("MAC") address. Without this information, Plaintiffs cannot identify the Doe Defendants or pursue their lawsuit to protect their copyrighted works from repeated infringement.

4. Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a Rule 26(f) conference where there are no known defendants with whom to confer.

WHEREFORE, Plaintiffs apply *ex parte* for an Order permitting Plaintiffs to conduct the foregoing requested discovery immediately.

Dated: June 13, 2007

HOLME ROBERTS & OWEN LLP

By: _____
MATTHEW FRANKLIN JAKSA
Attorney for Plaintiffs