GERALD SINGLETON, State Bar No. 208783
Law Offices of GERALD SINGLETON, APC
1950 Fifth Street, Suite 200
San Diego, California 92101
(619) 239-2196
(619) 702-5592 (fax)
geraldsingleton73@yahoo.com

Attorneys for Defendant, Yoo-Min Lee

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; BMG MUSIC, a New York general partnership; MAVERICK RECORDINGS COMPANY, a California joint venture; INTERSCOPE RECORDS, a California general partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and ARISTA RECORDS LLC, a Delaware limited liability company<br><br>Plaintiffs,<br><br>v.<br><br>YOO-MIN LEE,<br><br>Defendant. | Case No. 3:07-cv-03094-JCS<br><br>**DEFENDANT YOO-MIN LEE'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>DEMAND FOR JURY TRIAL |

COMES NOW, Defendant, Yoo-Min Lee, answers the First Amended Complaint admitting and denying the allegations as follows:

**JURISDICTION AND VENUE**

1. Defendant lacks sufficient information and belief to respond by either admitting or denying the allegations of Paragraphs 1, 2, and 3, and therefore, deny the same.

//

//

**PARTIES**

2. Defendant lacks sufficient information and belief to respond by either admitting or denying the allegations of Paragraphs 4, 5, 6, 7, 8, 9, and 10, and therefore, deny the same.

3. Defendant admits she resided within the Northern District on January 22, 2007 as alleged in Paragraph 11.

**COUNT 1**

**INFRINGEMENT OF COPYRIGHTS**

4. Defendant lacks sufficient information and belief to respond by either admitting or denying the allegations of Paragraphs 12, 13, 14, 15, and 16, and therefore, deny the same.

5. Defendant denies the allegations in paragraphs 17, 18.

6. Defendant lacks sufficient information and belief to respond by either admitting or denying the allegations of Paragraph 19 and therefore, deny the same.

7. Defendant denies the allegations of Paragraph 20.

8. Defendant lacks sufficient information and belief to respond by either admitting or denying the allegations of Paragraph 21 and therefore, deny the same.

9. Defendant denies the allegations of Paragraph 22.

**AFFIRMATIVE DEFENSES**

As separate, distinct and affirmative defenses to the First Amended Complaint on file herein, and to each cause of action, this answering defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state facts sufficient to constitute a claim for relief against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint, and each purported claim for relief, fails to allege facts sufficient to constitute claims upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

Defendant's conduct and/or omissions did not cause damage or loss to Plaintiffs or the general public.

//

**FOURTH AFFIRMATIVE DEFENSE**

Defendant's conduct and/or omissions were not the proximate cause nor the cause-in-fact of damages or losses alleged in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs lack standing to seek or obtain the relief requested in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs were negligent in and about the matters alleged in the First Amended Complaint and said carelessness on its (their) own part proximately contributed to the happening of the alleged incidents(s), injury(ies), and damage(s) complained of, if any exist.

**SEVENTH AFFIRMATIVE DEFENSE**

The alleged copyright(s) are invalid and therefore, the work(s) are not original, lacked copyright subject matter and/or the Plaintiffs are not the owner of said copyrights.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs claims are barred by the doctrine of fair use.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff(s) failed to mitigate their damages, if any, in that they failed to use reasonable diligence in caring for their injuries or damages, if any.

**TENTH AFFIRMATIVE DEFENSE**

Any recovery, relief, purported or reserved cause of action in the First Amended Complaint, is barred under the doctrine of unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs have waived any right to relief by virtue of its (their) acts, conduct, representations, and omissions.

**TWELFTH AFFIRMATIVE DEFENSE**

Any recovery, relief, purported or reserved cause of action in the First Amended Complaint, is barred under the doctrine of laches.

//

//

**THIRTEENTH AFFIRMATIVE DEFENSE**

Any recovery, relief, purported or reserved cause of action in the First Amended Complaint, is barred by the applicable statute of limitations.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Any and all actions of Defendant that are found to be violative of a copyright were de minimis.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Any recovery, relief, purported or reserved cause of action in the First Amended Complaint, is barred by the doctrine of estoppel.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' prayer for damages, if any, may be limited to its failure to register the copyright(s).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because the allegedly copyrighted material was independently created by Defendant.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because Defendant was the owner of a lawfully made copy with the right to sell, or otherwise dispose of the material.

**NINETEENTH AFFIRMATIVE DEFENSE**

Any actions taken by Defendant (if at all) were performed with innocent intent and she believed, in good faith, that any such conduct did not constitute an infringement of copyright.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to join indispensable parties.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs claims would infringe on the First, Fourth and Fifth Amendments to the United States Constitution.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs claims are barred by the safe harbors of 17 U.S.C. § 512.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs claims are barred by the First Sale Doctrine.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot obtain equitable relief because Plaintiffs assertion of rights go beyond those provided for in the Copyright Act and violate anti-trust laws due to the misuse of such copyright(s).

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs claims are barred by the doctrine of collateral estoppel.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs claims are barred to the extent they claim copyright in works that are immoral, illegal or libelous.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs claims are barred because Plaintiffs employ deceptive and misleading advertising in connection with distribution of the copyrighted works.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot recover as Plaintiffs waived, licensed, abandoned or forfeited any rights previously held under the Copyright Act, surrendered by operation of law.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Defendant, Yoo-Min Lee, presently having insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unstated, affirmative defenses, reserves the right to assert additional affirmative defenses in the event discovery or further analysis indicates that additional unknown or unstated affirmative defenses become apparent and are applicable.

WHEREFORE, this answering Defendant prays that

1. Plaintiffs take nothing by way of the Complaint on file herein;
2. This answering Defendant be dismissed with prejudice;
3. This answering Defendant receive costs of suit incurred herein; and
4. Other and further relief as the Court may deem just, fair and proper.

Respectfully submitted this 10th day of March, 2008

By:   /s/ Gerald Singleton
GERALD SINGLETON
Attorney for Defendant Yoo-Min Lee

Warner Brothers Records, Inc., et al., v. Lee
Case No. 3:07-cv-03094-JCS

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO,

I am employed in the County of San Diego; I am over the age of eighteen years and not a party to the within entitled action; my business address is 1950 Fifth Avenue, Suite 200, San Diego, CA 92101

On March 10, 2008 I served the following document(s) described as:

**Defendant Yoo-Min Lee's Answer to Plaintiffs' First Amended Complaint for Copyright Infringement**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

- **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

- **BY ELECTRONIC MAIL:** matt.jaksa@hro.com

- **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 10, 2008, at San Diego, California.

_____
Alexis Bastedo

## MAILING LIST

Matthew Franklin Jaksa, Esq.
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994

Tel.:        (415) 268-2000          Fax: (415) 268-1999
Email:       matt.jaksa@hro.com

Attorneys for Plaintiffs