Matthew Franklin Jaksa (CA State Bar No. 248072)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999
Email: matt.jaksa@hro.com

Attorneys for Plaintiffs,
WARNER BROS. RECORDS INC.;
VIRGIN RECORDS AMERICA, INC.;
BMG MUSIC; MAVERICK RECORDING
COMPANY; INTERSCOPE RECORDS;
SONY BMG MUSIC ENTERTAINMENT;
and ARISTA RECORDS LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; BMG MUSIC, a New York general partnership; MAVERICK RECORDING COMPANY, a California joint venture; INTERSCOPE RECORDS, a California general partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and ARISTA RECORDS LLC, a Delaware limited liability company,<br><br>            Plaintiffs,<br><br>    v.<br><br>YOO-MIN LEE,<br>            Defendant. | CASE NO. 4:07-CV-03094-CW<br><br>Honorable Claudia Wilken<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |

Joint Case Management Statement
Case No. 4:07-CV-03094-CW
#35787 v1

Pursuant to the Court's Order and Local Rule 16-9(a), Plaintiffs Warner Bros. Records, Inc., *et al.* ("Plaintiffs") and Defendant Yoo-Min Lee ("Defendant") submit this Joint Case Management Statement. Counsel for Plaintiffs and Defendant conducted a telephonic conference on March 21, 2008, and discussed the subjects set forth in Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Standing Order regarding Contents of Joint Case Management Statement.

**1.    Jurisdiction and Service**

The Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright). Venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400. Defendant was served with process on February 14, 2008. No parties remain to be served.

**2.    Facts**

This is a copyright action wherein Plaintiffs seek redress for infringement of copyrighted sound recordings pursuant to the Copyright Act of 1976, 17 U.S.C. § 101, *et seq* ("Copyright Act"). Plaintiffs are recording companies that own or control exclusive rights to copyrights in sound recordings, including the rights at issue in this case: (1) Plaintiffs' exclusive right to reproduce their copyrighted sound recordings, and (2) Plaintiffs' exclusive right to distribute the copyrighted sound recordings.

**A.    Plaintiffs' Contentions**

On January 22, 2007, Plaintiffs obtained evidence of infringement by the holder of the Internet Protocol ("IP") address 169.229.74.223 2007-01-22 02:18:14 EST, who was using the LimeWire online media distribution system over a peer-to-peer file-sharing network to distribute 1349 audio files, many of which were Plaintiffs' copyrighted sound recordings. Plaintiffs served a Rule 45 subpoena on the Internet Service Provider ("ISP") associated with the aforementioned IP address, and obtained evidence from the ISP identifying Defendant Yoo-Min Lee as the holder of the particular IP address at issue on the particular date at issue. After informal attempts to resolve the dispute failed, Plaintiffs filed their First Amended Complaint against Ms. Lee for copyright infringement.

1

**B.     Defendant's Contentions**

Defendant Yoo-Min Lee is a student at the University of California, San Diego. At the time the incident alleged in Plaintiffs' complaint occurred, she was a freshman at the University of California, Berkeley. Yoo-Min has never, and did not in this instance, illegally share any copyrighted material belonging to any of the Plaintiffs. Any and all music "downloaded" by Yoo-Min was legally purchased by her. She did not knowingly share any copyrighted materials with anyone. As Yoo-Min understands it, Plaintiffs are alleging that she "uploaded" songs that she legally purchased to the internet through the LimeWire peer-to-peer file-sharing network. Since Yoo-Min did not personally distribute said songs, she has no idea if Plaintiffs allegations regarding songs being distributed from her IP Computer address are correct. If any such distribution took place, however, it was done by third parties who illegally "hacked" into Yoo-Min's computer.

**3.     Legal Issues**

Plaintiffs believe that Defendant used an Internet account to access an online media distribution system to download Plaintiffs' copyrighted sound recordings and to distribute the copyrighted sound recordings to other users in violation of Plaintiffs' exclusive rights of reproduction and distribution as enumerated in Section 106 of the Copyright Act, 17 U.S.C. § 106. As such, Plaintiffs believe Defendant is liable for infringement of Plaintiffs' copyrights pursuant to 17 U.S.C. § 501(a)-(b), and that Plaintiffs are thus entitled to statutory damages pursuant to 17 U.S.C. § 504(c), injunctive relief pursuant to 17 U.S.C. §§ 502 and 503, and attorney's fees and costs pursuant to 17 U.S.C. § 505.

Defendant maintains that there is no merit to Plaintiffs allegations because she has never knowingly disseminated copyrighted material. Defendant requests that she be awarded attorney's fees and costs pursuant to 17 U.S.C. § 505 if she is deemed the prevailing party in this matter.

**4.     Motions**

Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on June 13, 2007, which the Court granted by its Order of June 26, 2008. The parties anticipate no further motion practice at this point in time. Both parties reserve the right to file additional motions, including motions for summary judgment and/or summary adjudication.

2

**5.    Amendment of Pleadings**

The parties do not foresee the addition of any other parties in this matter, but reserve the right to add additional parties should discovery reveal that additional persons participated in the copyright infringement alleged in the Complaint, or are otherwise appropriate parties. The Parties do not anticipate adding any claims, but reserve their right to do so should discovery reveal additional claims that may be brought. The parties propose that all amendments to the pleadings be filed by July 15, 2008.

**6.    Evidence Preservation**

The parties agree they are taking all necessary steps to preserve evidence related to the issues in this action, including preservation of e-mails, documents, digital audio files, software, and electronically stored information.

**7.    Disclosures**

No changes need be made to the form or requirement for disclosures under Rule 26(a). Plaintiffs will serve their initial disclosures on April 15, 2008; defendant will serve her initial disclosures on or before April 18, 2008.

**8.    Discovery**

The parties agree that discovery should be conducted according to the Federal Rules of Civil Procedure and the local rules for the United States District Court for the Northern District of California unless otherwise specified herein, modified by stipulation, or ordered by the Court.

The parties agree that all fact and expert discovery should be conducted and take place pursuant to the Federal Rules of Civil Procedure and should not be limited or conducted in phases, except as provided by the Federal Rules of Civil Procedure. Discovery will be needed on the allegations set forth in the Complaint and on the allegations and affirmative defenses set forth in Defendant's Answer.

**A.    Previous Discovery**

Pursuant to the Court's June 26, 2007 Order for Leave to Take Expedited Discovery, Plaintiffs served a Rule 45 subpoena on third-party University of California, Berkeley and obtained information including Defendant's name, address, telephone number, e-mail address, and Media

1  Access Control address.

2  **B.   Written Discovery**

3  Plaintiffs will propound their first sets of Interrogatories, Requests for Production or
4  Documents, and Requests for Admission no later than May 15, 2008.

5  Defendant will propound her first sets of Interrogatories, Requests for Production or
6  Documents, and Requests for Admission no later than July 15, 2008.

7  **C.   Imaging and Inspection of Defendant's Computer(s).**

8  Upon receipt of Defendant's responses, Plaintiffs will request for production and imaging
9  each computer identified by Defendant in her responses to Plaintiffs' discovery requests. An expert
10 in computer forensics selected by the parties shall make one (1) verified bit-image (i.e., mirror image
11 copies) of the computer hard drive and shall create an MD5 or equivalent hash code to ensure that
12 Defendant's original hard drive is not altered and to ensure that the copy of each of the hard drives is
13 an exact duplicate of Defendant's original hard drive. All costs associated with making an image of
14 Defendant's hard drive will be borne by Plaintiffs. An image of the hard drive can be made for
15 Defendant at Defendant's expense.

16 **D.   Oral Depositions**

17 Plaintiffs intend to take the oral deposition of Ms. Lee (and, if applicable, other individuals
18 who may have information relevant to the parties' claims and defenses) upon receipt of Defendant's
19 responses to Plaintiffs' written discovery, and upon completion of the imaging and inspection of
20 Defendant's hard drive(s).

21 Defendant intends to depose the Person Most Knowledgeable at the University of California,
22 Berkeley, regarding the issue of how the University identified Ms. Lee as the individual whose
23 computer was disseminating the songs allegedly owned by Plaintiffs. Defendant also intends to
24 depose the "investigator" employed by Plaintiffs who allegedly discovered that the songs in question
25 were being disseminated. Defendant may also depose other individuals (or PMKs) who have
26 information pertaining to the allegations in Plaintiffs' Complaint and/or the defenses alleged in Ms.
27 Lee's Answer. At this time, Defendant does not anticipate that the number of depositions will
28 exceed the statutorily permitted limit. If further depositions are necessary, however, Defendant

4

reserves the right to petition the Court to take additional depositions as needed.

**9.     Class Actions**

Not applicable.

**10.    Related Cases**

Plaintiffs represent that there are no related cases or proceedings pending before another judge of this Court, or before another court or administrative body, and anticipate that they will object to any discovery regarding other unrelated cases as such information is not reasonably calculated to lead to the discovery of admissible evidence.

Defendant is informed and believes, and thereon alleges, that Plaintiffs have filed (or threatened to file) a large number of these types of suits across the county. Defendant wishes to conduct discovery on this issue, particularly regarding the issues of (1) how Plaintiffs identify the offending individual(s), and (2) the frequency with which Plaintiffs identify the wrong person.

**11.    Relief**

Plaintiffs seek statutory damages pursuant to 17 U.S.C. § 504(c) ranging from $750.00 to $30,000.00 for each instance of infringement, statutory damages pursuant to 17 U.S.C. § 504(c) ranging from $750.00 to $150,000.00 for each instance of willful infringement, injunctive relief prohibiting Defendant from further infringing Plaintiffs' copyrights pursuant to 17 U.S.C. § 502 and ordering Defendant to destroy all copies of sound recordings made in violation of Plaintiffs' rights pursuant to 17 U.S.C. § 503, and attorney's fees and costs pursuant to 17 U.S.C. § 505.

Defendant, an impoverished college student, will petition this Court for an order compensating her for attorney fees and costs incurred pursuant to 17 U.S.C. § 505 upon her successful defense of this action.

**12.    Settlement and ADR**

The parties have discussed settlement, but have been unable to agree on settlement terms. The parties have filed a Stipulation and Proposed Order Selecting an ADR process and have chosen mediation as the preferred ADR process. The Court entered an Order re the Parties' Stipulation on March 26, 2008.

5

**13. Consent to Magistrate Judge for All Purposes**

Defendant filed her Declination to Proceed before a U.S. Magistrate Judge on April 8, 2008, and the case was reassigned to the Honorable Claudia Wilken.

**14. Other References**

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

The following issues can be narrowed by agreement or motion:  Issues regarding ownership of Plaintiffs' sound recordings and validity of copyright registration.

The parties make the following suggestions to expedite the presentation of evidence at trial: The parties are hopeful that issues regarding ownership of Plaintiffs' sound recordings and validity of copyright registration can be presented by stipulated facts, upon presentation of satisfactory proof of this issue to counsel for Defendant.

The parties do not request the bifurcation of any issues, claims, or defenses.

**16. Expedited Schedule**

The parties do not believe this case should be handled on an expedited basis or using streamlined procedures.

**17. Scheduling**

The parties propose the following schedule of deadlines:

| EVENT | DATE |
| --- | --- |
| Fact Discovery Cutoff | 10/30/08 |
| Deadline to Serve Expert Reports | 10/1/08 |
| Deadline to Serve Rebuttal Expert Reports | 10/15/08 |
| Expert Discovery Cutoff | 11/14/08 |
| Last Date to File/Serve Dispositive Motions | 12/01/08 |
| Last Day for Hearing of Pre-Trial and Dispositive Motions | 2/2/09 |
| Final Pre-Trial Conference Statement | 2/2/09 |

| EVENT | DATE |
|---|---|
| Final Pre-Trial Conference | 2/10/09 |
| Trial | 3/2/09 |

**18.** **Trial**

Plaintiffs estimate that the trial will take three days; Defendant estimates that the trial will take 5-7 days. Defendant has made demand for a jury trial.

**19.** **Disclosure of Non-party Interested Entities or Persons**

Plaintiffs filed their Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16 on June 13, 2007. The contents of the certification identified the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities known to (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

The following companies are parents of, or partners in Plaintiff WARNER BROS. RECORDS INC.: WMG Acquisition Corp.; WMG Holdings Corp.; and Warner Music Group Corp., of which only Warner Music Group Corp. is publicly traded. Warner Music Group Corp. is publicly traded in the U.S.

The following companies are parents of, or partners in Plaintiff VIRGIN RECORDS AMERICA, INC.: EMI Recorded Music Holdings, Inc.; Capitol Records, Inc.; Capitol-EMI Music Inc.; EMI Group North America Holdings, Inc.; EMI Group International BV; EMI Group Holdings BV; EMI Group International Holdings Ltd.; EMI Group Worldwide Ltd.; Virgin Music Group Ltd.; and EMI Group plc., of which only EMI Group plc. is a publicly traded company. EMI Group plc. is publicly traded in the U.K.

The following companies are parents of, or partners in Plaintiff BMG MUSIC: Ariola Eurodisc LLC; USCO Holdings Inc.; BeSo Holding LLC; Sony Music Entertainment Inc.; Bertelsmann Music Group; Bertelsmann, Inc.; Arista Holding, Inc.; Zomba US Holdings, Inc.; Bertelsmann AG; and Sony Corporation, of which only Sony Corporation is publicly traded. Sony

7

Corporation is publicly traded in the U.S.

The following companies are parents of, or partners in Plaintiff MAVERICK RECORDING COMPANY: SR/MDM Venture Inc.; Maverick Partner Inc.; WBR/Sire Ventures Inc.; Warner Bros. Records Inc.; WMG Acquisition Corp.; WMG Holdings Corp.; and Warner Music Group Corp., of which only Warner Music Group Corp. is publicly traded. Warner Music Group Corp. is publicly traded in the U.S.

The following companies are parents of, or partners in Plaintiff INTERSCOPE RECORDS: UMG Recordings, Inc.; PRI Productions, Inc.; Polygram Holding, Inc.; Universal Music Group, Inc.; Vivendi Holding I Corp.; Vivendi Holdings Company; Vivendi Holding S.A.S.; SPC S.A.S.; and Vivendi S.A., of which only Vivendi S.A. is publicly traded. Vivendi S.A. is publicly traded in France.

The following companies are parents of, or partners in Plaintiff SONY BMG MUSIC ENTERTAINMENT: USCO Holdings Inc.; BeSo Holding LLC; Sony Music Entertainment Inc.; Bertelsmann Music Group; Bertelsmann, Inc.; Arista Holding, Inc.; Zomba US Holdings, Inc.; Bertelsmann AG; and Sony Corporation, of which only Sony Corporation is publicly traded. Sony Corporation is publicly traded in the U.S.

The following companies are parents of, or partners in Plaintiff ARISTA RECORDS LLC: BMG Music; SONY BMG MUSIC ENTERTAINMENT; Ariola Eurodisc LLC; USCO Holdings Inc.; BeSo Holding LLC; Sony Music Entertainment Inc.; Bertelsmann Music Group; Bertelsmann, Inc.; Arista Holding, Inc.; Zomba US Holdings, Inc.; Bertelsmann AG; and Sony Corporation, of which only Sony Corporation is publicly traded. Sony Corporation is publicly traded in the U.S.

Joint Case Management Statement
Case No. 4:07-CV-03094-CW
#35787 v1

| | | |
|---|---|---|
| 1 | Dated: April 15, 2008 | HOLME ROBERTS & OWEN LLP |
| 2 | | |
| 3 | | By: /s/ |
| 4 | | MATTHEW FRANKLIN JAKSA |
| 5 | | Attorney for Plaintiffs |

Dated: April 15, 2008            GERALD SINGLETON, APC

By: _Atta Bartts for_
GERALD SINGLETON
Attorney for Defendant

### [Proposed] Case Management Order

The Parties' Joint Case Management Statement is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: _____            By: _____
Honorable Claudia Wilken
United States District Judge