# SHEARMAN & STERLING LLP

1080 MARSH ROAD | MENLO PARK | CA | 94025-1022
WWW.SHEARMAN.COM | T +1.650.838.3600 | F +1.650.838.3699

vveenker@shearman.com
1.650.838.3763

May 20, 2008

<u>Via Email</u>

Matthew Franklin Jaksa
Holme Roberts & Owen LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
matt.jaksa@hro.com

Jesus Partida
1229 3rd Ave.
Chula Vista, CA  91911
lyka2000@sbcglobal.net

Re:   Warner Bros. Records Inc. v. Yoo Min Lee
       <u>Case No. C07-03094 CW MED</u>

Dear Counsel:

As you know, I have been appointed by the District Court to serve as the mediator in this case as part of the court's Mediation program.  I send this letter to re-set the pre-mediation telephone conference.  Please be sure to review carefully ADR L.R. 6 which governs the Mediation program.

Pursuant to ADR L.R. 6-6, I will conduct a telephone conference with all counsel before the formal mediation to discuss the following:

- the procedures to be followed;
- the nature of the case;
- appropriate dates for the mediation and anticipated length of the session;
- the parties who must be present under ADR L.R. 6-9 and the parties who need to be present to have a productive mediation session;

ABU DHABI | BEIJING | BRUSSELS | DÜSSELDORF | FRANKFURT | HONG KONG | LONDON | MANNHEIM | MENLO PARK
MUNICH | NEW YORK | PARIS | ROME | SAN FRANCISCO | SÃO PAULO | SINGAPORE | TOKYO | TORONTO | WASHINGTON, DC

SHEARMAN & STERLING LLP IS A LIMITED LIABILITY PARTNERSHIP ORGANIZED IN THE UNITED STATES UNDER THE LAWS OF THE STATE OF DELAWARE, WHICH LAWS LIMIT THE PERSONAL LIABILITY OF PARTNERS.

Matthew Franklin Jaksa
Jesus Partida                                                                                             May 20, 2008
Page 2

- ideas to improve the effectiveness of the mediation session or matters that could pose impediments;
- requirements for your written mediation statements; and
- any questions you might have about the mediation.

I anticipate that the telephone conference will last approximately one-half hour. I propose to have the telephone conference on Wednesday, May 28, 2008, at 11:00 a.m. *Please call my office or send a reply email by the close of business on Thursday, May 22, 2008 to confirm your availability. If you are not available, please confer with opposing counsel and let me know alternative times within a week of this date when you are both available.* Before the telephone conference, please ascertain from your clients a selection of dates upon which the mediation may be conducted. The final date that the mediation can be held is July 31, 2008, based on the current scheduling order.

For the benefit of new counsel and in the interest of full disclosure under ADR L.R. 2-5(d) and 28 U.S.C. §455(a), I advise you of a representation that came to my attention during a check for potential conflicts of interest. One of my colleagues in another of the Firm's offices represents Warner Music Group, which I understand to be the parent of plaintiff Warner Brothers Records, in an unrelated business transaction. I have not had any involvement in that matter.

In addition, a colleague in another of the Firm's offices represents a party adverse to Sony/ATV Music Publishing LLC in an arbitration. I have had no involvement in that matter and do not know what corporate relationship may exist between Sony/ATV Music Publishing and plaintiff Sony BMG Music Entertainment.

I do not believe that these matters would prevent me from serving as an unbiased mediator in this case, and I do not understand it to require automatic disqualification under 28 U.S.C. §455(b). If these matters had caused counsel or the parties concern about my ability to serve impartially, they were required to communicate the objection in writing to the ADR Unit within ten calendar days of receipt of my April 16 letter so advising them. (See ADR L.R. 2-5(d)). No such objection was raised.

Because, consistent with the Court's policy, I will volunteer my preparation time and the first four hours of the mediation without charge and because the mediation is a relatively short-lived matter, the Firm requests that plaintiff companies waive any prospective conflict that may arise as a result of my service as a mediator in this case. Having received no objection to this request in my last letter, I will prepare the waiver letters. I greatly appreciate plaintiffs' cooperation in this regard so that the mediation process can move forward.

Matthew Franklin Jaksa
Jesus Partida
Page 3

May 20, 2008

I look forward to assisting you on this case.

Very truly yours,

*Vicki S. Veenker (mj)*

Vicki S. Veenker

VSV:mj

cc:    Clerk's Office - ADR Unit
        Alice_Fiel@cand.uscourts.gov