Dawniell Alise Zavala (CA State Bar No. 253130)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:  (415) 268-2000
Facsimile:   (415) 268-1999
Email:        dawniell.zavala@hro.com

Attorneys for Plaintiffs,
WARNER BROS. RECORDS INC.;
VIRGIN RECORDS AMERICA, INC.;
BMG MUSIC; MAVERICK
RECORDINGS COMPANY;
INTERSCOPE RECORDS; SONY BMG
MUSIC ENTERTAINMENT; and ARISTA
RECORDS LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; BMG MUSIC, a New York general partnership; MAVERICK RECORDINGS COMPANY, a California joint venture; INTERSCOPE RECORDS, a California general partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and ARISTA RECORDS LLC, a Delaware limited liability company,<br>                    Plaintiffs,<br><br>    v.<br><br>YOO-MIN LEE,<br>                    Defendant. | CASE NO. C 07-03094 CW<br><br>Honorable Claudia Wilken<br><br>**PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND TO DEEM ADMITTED MATTERS SET FORTH IN PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS** |

1

1   Plaintiffs respectfully move the Court to compel Defendant to provide responses to
2 Plaintiffs' interrogatories and requests for production of documents, and to enter an order deeming
3 admitted the matters set forth in Plaintiffs' first set of requests for admissions. In support of this
4 motion, Plaintiffs state as follows:

## NATURE AND STAGE OF PROCEEDINGS

6   This action seeks redress for the infringement of Plaintiffs' copyrighted sound recordings
7 pursuant to the Copyright Act, 17 U.S.C. §§ 101, 106, 501-505. Plaintiffs are the copyright owners
8 or licensees of exclusive rights under United States copyright with respect to certain copyrighted
9 recordings, including specifically the nine copyrighted sound recordings identified in Exhibit A to
10 the Complaint (the "Sound Recordings"). Defendant, without the permission or consent of
11 Plaintiffs, has used and continues to use an online media distribution system illegally to download
12 and distribute Plaintiffs' Sound Recordings to others. Plaintiffs initiated discovery in this case by
13 serving written discovery requests on Defendant's counsel on May 15, 2008 pursuant to the Federal
14 Rules of Civil Procedure, including: (1) interrogatories under Rule 33; (2) requests for production
15 under Rule 34; and (3) requests for admissions under Rule 36. Defendant has failed to respond to
16 any of Plaintiffs' discovery requests despite several attempts by Plaintiffs to resolve this issue
17 pursuant to Rule 37 without involvement of the Court.

## ISSUES TO BE RULED UPON

19   Plaintiffs respectfully move under Rule 37(a)(3)(B) to compel Defendant to provide full and
20 complete responses, without objections, to Plaintiffs' First Set of Interrogatories and First Set of
21 Request for Production of Documents. Plaintiffs further request pursuant to Rule 36(a)(3) that the
22 Court enter an order confirming that Defendant has deemed to have admitted Plaintiffs' First Set of
23 Requests for Admissions for Defendant's failure to provide timely responses.
24   In addition, pursuant to Rules 37(a)(5)(A) and 37(d)(3) of the Federal Rules of Civil
25 Procedure, Plaintiffs request that the court award to Plaintiffs reasonable expenses, including
26 attorney's fees, caused by Defendant's unjustified failure to respond to Plaintiffs' discovery requests
27 served on May 15, 2008. Plaintiffs have incurred substantial fees while expending much time and
28

1

effort pursing Defendant's written discovery responses. Thus, the court's award of fees is appropriate in this matter.

**STATEMENT OF FACTS**

1. On February 11, 2008, Plaintiffs filed a First Amended Complaint ("FAC") against Defendant Yoo-Min Lee ("Defendant") for online copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*. Docket No. 18. Plaintiffs' FAC alleges that Defendant used the LimeWire software program on the peer-to-peer network Gnutella to illegally distribute 1349 digital audio files over the Internet. *Id*. ¶ 17. Defendant was served with process on February 14, 2008.

2. On March 10, 2008, Defendant filed a Response with the Court, denying each and every allegation in the complaint, and raising several affirmative defenses. Docket. No. 23.

3. On May 15, 2008, Plaintiffs served Plaintiffs' First Set of Interrogatories, First Set of Requests for Production, and First Set of Requests for Admissions. Declaration of Dawniell Alise Zavala ("Zavala Dec."), ¶ 6, Exh. A.

4. Under the Federal Rules of Civil Procedure, the deadline for Defendant to respond to Plaintiffs' written discovery was June 19, 2008. Zavala Dec., ¶ 6. To date, Defendant has not provided any discovery responses whatsoever. Zavala Dec., ¶¶ 6, 13.

5. Plaintiffs sent a letter on June 23, 2008 under Rule 37 of the Federal Rules of Civil Procedure conveying to Defendant's counsel that Defendant must respond to Plaintiffs' discovery requests and attempting to resolve this discovery matter without Court intervention. Zavala Dec., ¶ 7, Exh. B. Although Plaintiffs' letter incorrectly lists the date that Defendant's counsel was served with Plaintiffs' discovery requests as April 1, 2008 (the date Plaintiffs served Defendant with their initial disclosures), the letter nevertheless correctly states that Defendant's responses were due on June 19, 2008, based on the actual date that Defendant's counsel was served with Plaintiffs' discovery requests, May 15, 2008. *Id*. Defendant's counsel never responded to this letter. Zavala Dec., ¶ 7.

6. On July 14, 2008, Plaintiffs sent a letter accompanying Plaintiffs' First Request for Inspection, pursuant to Rule 34 of the Federal Rules of Civil Procedure. Zavala Dec., ¶ 8. In this letter, Plaintiffs again remind Defendant's counsel that Defendant's written discovery responses

2

were due on June 19, 2008 and Plaintiffs referenced the June 23, 2008 letter sent to Defendant's counsel which also clearly communicated that Defendant's discovery responses were overdue. Zavala Dec. ¶ 8, Exh. C.  Defendant's counsel did not respond to this letter.  Zavala Dec., ¶ 8.

7. On July 21, 2008, Plaintiffs' counsel participated in a telephone conference with Defendant's counsel and the mediator assigned to this case.  Zavala Dec., ¶ 9.  During this conversation, Defendant's counsel acknowledged receiving Plaintiffs' letter sent to him on July 14, 2008, but expressed that he was disinclined to respond to Plaintiffs' discovery requests until after Plaintiffs' First Request for Inspection is completed.  *Id*.  Although Plaintiffs' counsel agreed during this conversation that the inspection would likely be helpful in resolving this matter, Plaintiffs' counsel in no way agreed to extend the June 19, 2008 deadline for Defendant to provide her written discovery responses.  *Id*.  Plaintiffs' counsel sent a letter to Defendant's counsel after this conversation to reiterate that Defendant is in no way relieved of her obligation to provide her overdue discovery responses.  Zavala Dec., ¶ 10, Exh. D.

8. Plaintiffs' counsel then received a voicemail message from Defendant's counsel on July 22, 2008.  Zavala Dec., ¶ 11.  In this message, Defendant's counsel acknowledged receiving Plaintiffs' July 21, 2008 letter, and expressed the opinion that Plaintiffs' impending motion to compel mentioned in the letter constituted abuse of the discovery process.  *Id*.  Throughout this message, Defendant's counsel in no way committed to providing prompt responses to any of Plaintiffs' discovery requests.  *Id*.

9. On July 23, 2003, Plaintiffs' counsel sent an e-mail to Defendant's counsel in response to the voicemail message left by him on July 22, 2008.  Zavala Dec., ¶ 12.  In this e-mail, Plaintiffs' counsel explained why the excuses raised by Defendant's counsel for failing to respond to Plaintiffs' discovery requests were inadequate and disingenuous, and why Defendant's responses were immediately due.  Zavala Dec., ¶ 12.  Defendant's counsel never responded to this e-mail. Zavala Dec., ¶ 12.

10. To date, Plaintiffs have not received any of the discovery responses from Defendant that were due on June 19, 2008.  Zavala Dec., ¶¶ 6, 13.

3

PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR ORDER OF DEEMED ADMISSIONS
Case No. C 07-03094 CW
#39005 v1

# ARGUMENT AND AUTHORITIES

**I. Defendant's failure to respond to the interrogatories and the requests for production of documents warrants entry of an Order compelling answers and the production of documents without objection.**

A court may compel discovery responses when "a party fails to answer an interrogatory submitted under Rule 33" or "a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." FED. R. CIV. P. 37(a)(3)(B)(iii), (iv). As noted above, Defendant has failed to respond to Plaintiffs' First Set of Interrogatories or Plaintiffs' First Set of Requests for Production of Documents – Defendant served no responses whatsoever and has produced no documents to Plaintiffs. Defendant should therefore be compelled to respond and be deemed to have waived any potential objections to the interrogatories. *See id.*; FED. R. CIV. P. 33(b)(4) ("Any ground not stated in a timely objection is waived . . . ."); *IMA N. Am. v. Marlyn Nutraceuticals*, 2007 U.S. Dist. LEXIS 61269, at * 9-*11 (9th Cir. Aug. 20, 2007) ("A failure to file a timely objection to interrogatories constitutes a waiver of any objection unless good cause is shown," and Rule 33 "provides that any ground for objecting to an interrogatory . . . is waived if not timely stated); *Cahela v. James D. Bernard, D.O., P.C.*, 155 F.R.D. 221, 227 (N.D. Ga. 1994) (citing cases for the rule that, where "the party to whom the interrogatories were propounded completely failed to respond or object to such interrogatories within the time allowed to answer," the right to object is waived); *Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 661-62 (D. Colo. 2000) (finding waiver where responding party purported to respond to interrogatories or requests for production of documents well out of time and without any attempt to show good cause for delay).

Similarly, Defendant has also waived any potential objections to the requests for production of documents. *See In re RDM Sports Group, Inc.*, 277 B.R. 415, 423 (Bankr. N.D. Ga. 2002) (citing authority for the rule that a failure to respond to document requests results in waiver of all objections unless production would violate federal law); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.").

1    As a result, Defendant must now answer all of the interrogatories and produce all responsive
2 documents without regard to objection or privilege. *See IMA N. Am., Inc.*, 2007 U.S. Dist. LEXIS
3 61269, at *11-12 (granting Plaintiffs' motion to compel responses to discovery requests and
4 requiring Defendants to fully and completely answer and respond to Plaintiffs' first set of
5 interrogatories and first set of requests for production within a matter of days);*Doggett v. Perez*,
6 2004 U.S. Dist. LEXIS 29568, at *19 (E.D. Wash. Mar. 4, 2004) ("Having not registered any
7 objections to the requests for production, nor sought any type of protective order, and having waived
8 any privilege they might assert, plaintiffs are obliged to produce all of the documents requested");
9 *Maloney v. Universalcom, Inc.*, 2001 U.S. Dist. LEXIS 122, at *2-*4 (E.D. La. Jan. 3, 2001)
10 (compelling complete answers to interrogatories and the production of all requested documents and
11 finding all objections waived).

12    Plaintiffs therefore ask the Court to order Defendant to submit answers to the interrogatories
13 and to produce all responsive documents without objection or resort to privilege.

**II.    Defendant's failure to respond to the requests for admissions conclusively establishes these facts as admitted and warrants an Order deeming admitted all of Plaintiffs' requests for admission.**

17    Rule 36(a)(3) states conclusively, "The matter is admitted unless, within 30 days after being
18 served, the party to whom the request is directed serves on the requesting party a written answer or
19 objection addressed to the matter. . . ." FED. R. CIV. P. 36(a)(3).  Hence, by this rule, a matter
20 admitted by a failure to timely respond is *conclusively established. Ayala v. KC Envtl. Health*, 2005
21 U.S. Dist. LEXIS 29579, at *6-*9 (E.D. Cal. Sept. 1, 2005) ("Failure to respond to requests for
22 admissions results in *automatic admission* of the matters requested. . . .  No motion to establish the
23 admissions is needed because Federal Rule of Civil Procedure 36(a) is *self-executing,*" and holding
24 that the plaintiffs' failure to answer the defendant's requests for admissions deemed the matters
25 admitted) (emphasis added); *Carney v. IRS (In re Carney)*, 258 F.3d 415, 418 (5th Cir. 2001)
26 (affirming a summary judgment based on admissions deemed because of a failure to timely
27 respond).

PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND FOR ORDER OF DEEMED ADMISSIONS
Case No. C 07-03094 CW
#39005 v1

Here, Defendant failed to answer or object to Plaintiffs' requests for admissions which were served over eighty-one days ago. Because of this failure, the Court should enter an Order finding that Plaintiffs' requested admissions are deemed admitted against Defendant. *See Ayala*, 2005 U.S. Dist. LEXIS 29579, at *5-*9; *see also Western Horizontal Drilling v. Jonnet Energy Corp.*, 11 F.3d 65, 66 (5th Cir. 1994) (upholding a finding that because the defendant never responded, plaintiffs' requests for admission were deemed admitted pursuant to the Federal Rules).

### III.     **Defendant's failure to respond to Plaintiffs' First Set of Discovery Requests warrant an Order granting Plaintiffs reasonable costs and expenses associated with filing this motion, including reasonable attorney's fees**

Rules 37(a)(5)(A) and 37(d)(3) of the Federal Rules of Civil Procedure provide that a successful movant is entitled to recover reasonable expenses incurred in making a motion to compel, including attorney's fees. *See Stokes v. Life Ins. of N. Am.*, 2008 U.S. Dist. LEXIS 52280, at *4-*5 (D. Idaho Jul. 3, 2008) (granting the award of fees and costs incurred by plaintiff to filed the motion to compel); *Paige v. Consumer Programs, Inc.*, 248 F.R.D. 272, at 277 (C.D. Cal. 2008) (granting successful movant's request for monetary sanctions pursuant to Rules 37(a)(5)(a) and 37(d)(3)).

Here, Defendant has failed to respond Plaintiffs' discovery requests and has failed to even timely object to said requests. Defendant has not provided any adequate justifications for failing to respond and, through her counsel, has indicated an intent not to respond at all until after a computer inspection has been conducted in this matter, regardless of when her responses were actually due under the Federal Rules of Civil Procedure, and regardless of the fact that the results of the computer inspection will in no way obviate her requirement to respond to Plaintiffs' discovery requests. Thus, as a result of Defendant's intentional and willful refusal to provide discovery responses, Plaintiffs respectfully request that the Court award Plaintiffs reasonable costs and expenses, including attorney's fees incurred in filing this motion.

### CONCLUSION

Defendant has refused to comply with her discovery obligations in this case. Defendant has produced no responses to Plaintiffs' interrogatories and requests for admissions; neither has she produced any documents to Plaintiffs in compliance with Plaintiffs' requests for production.

1  Plaintiffs therefore ask this Court to enter an Order compelling Defendant to provide answers to the
2  interrogatories and document requests within ten days and deeming admitted all matters set forth in
3  Plaintiffs' requests for admissions.  Plaintiffs' further ask for any such relief as the Court deems just
4  and necessary, including reasonable costs, expenses and attorney's fees incurred in bringing this
5  motion.

7  Dated:  August 4, 2008                                           HOLME ROBERTS & OWEN LLP

9                                                                          By:  ____/s/ Dawniell Alise Zavala_____
10                                                                                 DAWNIELL ALISE ZAVALA
                                                                                   Attorney for Plaintiffs

**PROOF OF SERVICE**

STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

I am employed in the office of Holme Roberts & Owen in San Francisco, California. I am over the age of eighteen years and not a party to the within action. My business address is 560 Mission Street, 25th Floor, San Francisco, CA 94105.

On August 4, 2008, I served the foregoing documents described as:

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND TO DEEM ADMITTED MATTERS SET FORTH IN PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS**

on the interested party in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

> Frank Partida, Esq.
> 1229 3rd Avenue
> Chula Vista, CA 91911
> *Attorney for Defendant*

XX    BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

XX    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 4, 2008 at San Francisco, California.

_____
Molly Morris

PROOF OF SERVICE
Case No. C 07-03094 CW
#39005 v1