1  Dawniell Alise Zavala (CA State Bar No. 253130)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
   San Francisco, CA  94105-2994
3  Telephone:  (415) 268-2000
   Facsimile:  (415) 268-1999
4  Email:      dawniell.zavala@hro.com
5
6  Attorneys for Plaintiffs,
   WARNER BROS. RECORDS INC.;
7  VIRGIN RECORDS AMERICA, INC.;
   BMG MUSIC; MAVERICK
8  RECORDINGS COMPANY;
   INTERSCOPE RECORDS; SONY BMG
9  MUSIC ENTERTAINMENT; and ARISTA
10 RECORDS LLC

11              UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF CALIFORNIA
12              SAN FRANCISCO DIVISION

| 13 | WARNER BROS. RECORDS INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; BMG MUSIC, a New York general partnership; MAVERICK RECORDINGS COMPANY, a California joint venture; INTERSCOPE RECORDS, a California general partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and ARISTA RECORDS LLC, a Delaware limited liability company, Plaintiffs, v. YOO-MIN LEE, Defendant. | CASE NO. C 07-03094 CW Honorable Claudia Wilken **DECLARATION OF DAWNIELL ALISE ZAVALA IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND TO DEEM ADMITTED MATTERS SET FORTH IN PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS** |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## DECLARATION OF DAWNIELL ALISE ZAVALA

2    I, Dawniell Alise Zavala, declare:

3    1.    I am an attorney at law licensed to practice before the Courts of the State of

4    California and the United States District Court for the Northern District of California. I am an

5    associate in the law firm of Holme Roberts & Owen LLP ("HRO"). HRO serves as lead national

6    counsel for the record companies in all actions like the current case. I have personal knowledge of

7    all facts set forth in this declaration, except as where stated on information and belief. As to such

8    facts, I believe them to be true, and if called and sworn as a witness, would competently testify

9    thereto.

10    2.    Plaintiffs filed the First Amended Complaint against Defendant on February 11,

11    2008.

12    3.    On February 14, 2008, Defendant was served with a Summons and Complaint at

13    1950 Fifth Avenue, Suite 200, San Diego, CA  92101, the office of her then-attorney, Gerald

14    Singleton.

15    4.    Defendant filed an Answer on March 10, 2008 denying the allegations contained in

16    the First Amended Complaint and raising various affirmative defenses.

17    5.    On May 12, 2008, Defendant filed a Motion to Substitute Attorney Gerald Singleton

18    with Attorney Frank Partida. On May 16, 2008 the Court entered an order granting Defendant's

19    Motion to Substitute Attorney, with the added requirement that all dates previously set remain in

20    effect.

21    6.    On May 15, 2008, Plaintiffs served the following discovery requests on Defendant

22    through her new attorney, Jesus "Frank" Partida: First Set of Interrogatories, First Set of Requests

23    for Admission, and First Set of Requests for Production of Documents. The deadline for Defendant

24    to respond to Plaintiffs' discovery requests was June 19, 2008. Attached hereto as **Exhibit A** is a

25    true and correct copy of the letter Plaintiffs sent to Defendant's counsel accompanying Plaintiffs'

26    first set of discovery requests. To date, Defendant has not provided any responses whatsoever.

27    7.    On June 23, 2008, I sent a letter via U.S. mail under Rule 37 of the Federal Rules of

28    Civil Procedure to Defendant's counsel, Frank Partida. In this letter, I notified Defendant's counsel

1

1  that Defendant's responses to Plaintiffs' discovery requests were overdue, and that Plaintiffs

2  required Defendant's responses as soon as possible.  Although I mistakenly listed the date that the

3  discovery requests were served as April 1, 2008 (the date Plaintiffs served their initial disclosures), I

4  nevertheless listed the correct date that the responses were due – June 19, 2008 – based on the actual

5  date the requests were served.  Attached hereto as **Exhibit B** is a true and correct copy of this letter.

6  Defendant's counsel failed to contact Plaintiffs regarding this letter.

7      8.    On July 14, 2008, I sent a letter via e-mail and U.S. mail to Defendant's counsel,

8  Frank Partida.  This letter accompanied Plaintiffs' First Request for Inspection, pursuant to Rule 34

9  of the Federal Rules of Civil Procedure.  In this letter, I reminded Defendant's counsel that

10  Defendant still had not responded to Plaintiffs' discovery requests, and that Defendant's responses

11  were due on June 19, 2008.  I also referenced the letter I had sent Defendant's counsel on June 23,

12  2008, which also noted that Defendant's discovery responses were overdue.  I then informed

13  Defendant's counsel that if we did not receive his client's discovery responses by July 18, 2008,

14  Plaintiffs would file a motion to compel.  Attached hereto as **Exhibit C** is a true and correct copy of

15  the letter I sent to Defendant's counsel on July 14, 2008.  Defendant's counsel failed to contact

16  Plaintiffs in response to this letter.

17      9.    On July 21, 2008, I participated in a telephone conversation with Defendant's

18  counsel and the mediator assigned to this case.  During this conversation, Defendant's counsel and I

19  discussed Plaintiffs' First Request for Inspection served on July 14, 2008, and also discussed the fact

20  that Defendant's responses to Plaintiffs' discovery requests served ion May 15, 2008 had still not

21  been sent.  Defendant's counsel acknowledged receiving my July 14, 2008 letter, but indicated that

22  he did not want to provide responses until after a computer inspection takes place in this matter.

23  Although I agreed that an inspection would likely be helpful in this case, I in no way agreed to

24  extend the time for Defendant to respond to Plaintiffs' written discovery requests.

25      10.    To clarify Plaintiffs' position regarding Defendant's overdue discovery responses

26  after this conversation, I sent Defendant's counsel a letter on July 21, 2008 via facsimile and U.S.

27  mail explaining that Defendant was in no way relieved of her obligation to respond to Plaintiffs'

28  discovery requests due on June 19, 2008.  I further stated in this letter that if we did not receive

2

DECLARATION OF DAWNIELL ALISE ZAVALA IN SUPPORT OF MOTION TO COMPEL
Case No. C 07-03094 CW
#39120 v1

1   Defendant's responses by July 31, 2008, Plaintiffs would file a motion to compel. Attached hereto

2   as **Exhibit D** is a true and correct copy of the letter I sent to Defendant's counsel on July 21, 2008.

3       11.     In response to my July 21, 2008 letter, Defendant's counsel left me a voicemail

4   message on July 22, 2008 at 10:01 a.m. In this message, Defendant's counsel stated the following:

5   "Dawniell, I got your fax regarding the inspection of the computer and I'm a little confused here.

6   Are you guys going to do an inspection or not, and as far as delaying the case any longer, what

7   exactly do you mean by that? I understand that you want your written responses to your discovery

8   requests, or you're going to file a motion to compel by July 31st. I don't know if you've taken a

9   look at your requests; there's a lot of stuff there that's exclusively on the hard drive, and I have no

10  idea how to give you written responses to those requests, but if you really want to file a motion to

11  compel, knock yourself out. But this smells like abuse of the discovery process to me. Anyway, you

12  know where to call me. Bye." Throughout this message, Defendant's counsel in no way agreed to

13  serve Plaintiffs with his client's discovery responses, nor did he indicate that he would at least

14  provide Plaintiffs with the discovery responses he felt competent in answering.

15      12.     On July 23, 2008 at 6:59 p.m., I sent Defendant's counsel an e-mail in response to the

16  voicemail message I received from him on July 22, 2008. In this e-mail, I explained that the

17  reservations expressed by Defendant's counsel are unfounded, since all of the information sought  is

18  either already known to Defendant or is readily ascertainable once she turns on her computer. I

19  emphasized that no computer inspection is necessary to respond to Plaintiffs' discovery requests, and

20  therefore the excuses proffered by Defendant's counsel for failing to respond are completely

21  inadequate and are also disingenuous, since Defendant waited until after the responses were due and

22  after several reminders were sent regarding her overdue responses to raise these concerns.

23  Moreover, I noted that Defendant has never even offered to have her computer inspected at all since

24  the inception of this litigation (Plaintiffs formally requested the inspection on July 14, 2008,

25  pursuant to Rule 34). I also reminded Defendant's counsel that the deadline to raise objections to

26  Plaintiffs' discovery requests expired on June 19, 2008 when the responses were due, and that any

27  objections are now deemed waived. I then reiterated Plaintiffs' intention to file a motion to compel

28

DECLARATION OF DAWNIELL ALISE ZAVALA IN SUPPORT OF MOTION TO COMPEL
Case No. C 07-03094 CW
#39120 v1

1    if Defendant's discovery responses were not received by July 31, 2008. Defendant's counsel has not

2    responded to this e-mail.

3        13.    To date, Plaintiffs have received no discovery responses from Defendant, which are

4    now 46 days overdue. Plaintiffs have expended substantial time and effort attempting to resolve this

5    matter without filing a motion to compel. Defendant remains unresponsive to Plaintiffs' attempts to

6    obtain discovery responses and resolve this matter without Court intervention.

7        I declare under penalty of perjury under the laws of the United States of America that the

8    foregoing is true and correct.

9        Executed this 4th day of August, 2008, at San Francisco, California.

10

11                                Dawniell Alise Zavala

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1    **PROOF OF SERVICE**

2    STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

3         I am employed in the office of Holme Roberts & Owen in San Francisco, California.  I am

4    over the age of eighteen years and not a party to the within action.  My business address is 560

5    Mission Street, 25th Floor, San Francisco, CA  94105.

6         On August 4, 2008, I served the foregoing documents described as:

7    **DECLARATION OF DAWNIELL ALISE ZAVALA IN FURTHER SUPPORT OF**

8    **PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND TO DEEM**

9    **ADMITTED MATTERS SET FORTH IN PLAINTIFFS' FIRST SET OF REQUESTS FOR**

10   **ADMISSIONS**

11   on the interested party in this action by placing a true and correct copy thereof enclosed in a sealed

12   envelope addressed as follows:

13                       Frank Partida
     1229 3rd Avenue
14                       Chula Vista, CA  91911
     *Attorney for Defendant*
15

16       XX     BY MAIL: I am "readily familiar" with the firm's practice of collection and

17   processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal

18   service on that same day with postage thereon fully prepaid at San Francisco, California in the

19   ordinary course of business.  I am aware that on motion of the party served, service is presumed

20   invalid if postal cancellation date or postage meter date is more than one day after date of deposit for

21   mailing in affidavit.

22       XX    (FEDERAL) I declare that I am employed in the office of a member of the bar of this

23   court at whose direction the service was made.

24        Executed on August 4, 2008 at San Francisco, California.

25

26                           _____

27                           Molly Morris

28

PROOF OF SERVICE
Case No. C 07-03094 CW
#39120 v1

# EXHIBIT A



# Holme Roberts & Owen LLP
### Attorneys at Law

SAN FRANCISCO

May 15, 2008

Jesus Partida, Esq.
Law Office of Frank Partida
1229 3rd Ave
Chula Vista, CA, 91911

BOULDER

Re:    *Warner Bros. Records, Inc. v. Yoo-Min Lee,*
       *N.D. Cal. Case No. 07-3094-CW*

COLORADO SPRINGS

Dear Mr. Partida:

In accordance with Rules 33, 34, and 36 of the Federal Rules of Civil
Procedure, enclosed are Plaintiffs first set of Interrogatories, Requests for
Production, and Requests for Admission.  In accordance with Rules 6, 33, 34,
and 36 of the Federal Rules of Civil Procedure, responses to the enclosed
discovery requests are due to Plaintiffs' counsel within 30 days of service of
discovery.

DENVER

LONDON

Sincerely,

Matt Jaksa

LOS ANGELES

Enclosures

MUNICH

PHOENIX

SALT LAKE CITY

Matt Jaksa  415.268.1986  matt.jaksa@hro.com
560 Mission Street, 25th Floor  San Francisco, California 94105-2994  *tel* 415.268.2000  *fax* 415.268.1999
#37543 v1

# EXHIBIT B



# Holme Roberts & Owen LLP
*Attorneys at Law*

SAN FRANCISCO

June 23, 2008

Mr. Jesus "Frank" Partida
Law Offices of Frank Partida
1229 3rd Avenue
Chula Vista, CA  94911

BOULDER

Re:    *Warner Bros., et al. v. Yoo-Min Lee*,
       N.D. Cal. Case No. 4:07-cv-03094-CW

COLORADO SPRINGS

Dear Mr. Partida,:

Based on our calculation, your responses to Plaintiffs' Interrogatories,
Requests for Production and Requests for Admissions are now overdue.
Indeed, Plaintiffs served their requests by mail on April 1, 2008.  Thus,
DENVER    pursuant to Rules 6, 33, 34 and 36 of the Federal Rules of Civil Procedure, your
responses were due on or before June 19, 2008.  In view of the foregoing, you
must provide us with full responses immediately, or we will be forced to file a
motion to compel.  Especially in light of the expedited discovery schedule in
LONDON    this case, we request responses as soon as possible.  Please be advised that such
written responses may not contain objections as all objections have been
waived due to their untimely assertion.  *See Richmark Corp. v. Timber Falling
Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a
LOS ANGELES    failure to object to discovery requests within the time required constitutes a
waiver of any objections."); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.
1981) (general rule is that failure to timely object to discovery requests waives
all objections, including those based on privilege).

MUNICH

Sincerely,

Dawniell Zavala

PHOENIX

Dawniell Zavala

SALT LAKE CITY

Dawniell Zavala  415.268.1948  dawniell.zavala@hro.com
560 Mission Street, 25th Floor  San Francisco, California 94105-2994  *tel* 415.268.2000  *fax* 415.268.1999
#38392 v1

# EXHIBIT C



## Holme Roberts & Owen LLP
*Attorneys at Law*

SAN FRANCISCO

July 14, 2008

**VIA ELECTRONIC MAIL AND U.S. MAIL**

BOULDER

Frank Partida
Law Offices of Frank Partida
1229 3rd Avenue
Chula Vista, CA 91911
lyka2000@sbcglobal.net

COLORADO SPRINGS

Re:  *Warner Bros. Records, Inc., et al. v. Yoo-Min Lee*
     United States District Court, N.D. Cal., Oakland Division
DENVER    Case No. 4:07-cv-03094-CW

LONDON    Dear Mr. Partida:

As you know, we represent Plaintiffs in the above-referenced case.  In an effort
to resolve this matter expeditiously, Plaintiffs must conduct an inspection of
Ms. Lee's computer hard drive(s).  Plaintiffs' specific request is outlined in the
LOS ANGELES    attached request for inspection.  Therein, I have proposed a date and location
for the inspection to occur.  You will notice that I have selected Holme Roberts
& Owen's San Francisco office as the location for the inspection.  Please let me
know at your earliest convenience if the date and/or time is not agreeable and
MUNICH    we will work towards a more convenient arrangement.

Please note that this is our first formal request to inspect Ms. Lee's
computer(s).  Although we have proposed two previous dates for early
computer inspections, your client has been uncooperative in scheduling and
PHOENIX    attending said inspections.  We hope that our formal request for inspection
encourages your client to comply promptly and responsively.

As a final matter, you still have not provided us with your Initial
SALT LAKE CITY    Disclosures, which were due to be served upon us by April 18, 2008.
Moreover, you still have not responded to our discovery requests, which were
served on April 1, 2008.  Your deadline to respond was June 19, 2008.  I sent
you a letter on June 23, 2008 reminding you of these deadlines, but you did not

Dawniell Zavala  415.268.1948  dawniell.zavala@hro.com
560 Mission Street, 25th Floor  San Francisco, California 94105-2994  *tel* 415.268.2000  *fax* 415.268.1999
#38738 v1

## Holme Roberts & Owen LLP
### Attorneys at Law

Frank Partida
July 14, 2008
Page 2

respond to this letter.  Thus, if you do not provide us with your initial
disclosures and discovery responses by this **Friday, July 18, 2008**, we will have
no choice but to file a motion to compel.

Sincerely,

Dawniell Zavala

#38738 v1

# EXHIBIT D



# Holme Roberts & Owen LLP
### Attorneys at Law

SAN FRANCISCO

BOULDER

COLORADO SPRINGS

DENVER

LONDON

LOS ANGELES

MUNICH

PHOENIX

SALT LAKE CITY

VIA FACSIMILE AND U.S. MAIL

July 21, 2008

Frank Partida
Law Offices of Frank Partida
1229 3rd Avenue
Chula Vista, CA 91911
*via facsimile: 619-420-0770*

Re:    *Warner Bros. Records, Inc., et al. v. Yoo-Min Lee*
       United States District Court, N.D. Cal., Oakland Division
       Case No. 4:07-cv-03094-CW

Dear Mr. Partida:

I attempted to email this communication to you at *lyka2000@sbcglobal.net*, but unfortunately, it "bounced back" twice and apparently did not reach you.

I am attempting to schedule the computer inspection in this matter. We will arrange for the inspection to take place at your office, and I will contact you this week with dates that the technician is available to conduct the inspection. Although it takes several hours to complete the inspection, the *analysis* of the data gleaned from the inspection can take a month or longer. Thus, it is impossible to both complete the computer inspection and analyze the results in time for the mediation next month.

Additionally, I wanted to clarify that our agreement to conduct a computer inspection does not alleviate you from your obligation to provide responses to our discovery requests. Although I agreed with you that a computer inspection will likely be helpful in this matter, the inspection is actually irrelevant to the fact that your discovery responses are overdue. First, we believe that we have sufficient evidence to pursue this case even absent a computer inspection. Second, Mr. Singleton agreed on page 5 of our joint case management statement filed 4/15/08 that discovery responses and initial disclosures would take place *prior to* a computer inspection: "Upon receipt of Defendant's responses, Plaintiffs will request for production and imaging each computer identified by Defendant in her responses to Plaintiffs' discovery requests." Thus, we believe that your client's discovery responses will be necessary and

**Holme Roberts & Owen LLP**
*Attorneys at Law*

Yoo-Min Lee: Discovery and Computer Inspection
July 21, 2008
Page 2

helpful to this case prior to the computer inspection. We can always tailor future discovery requests to address any evidence uncovered during the computer inspection, if necessary.

Third, since your client has been on notice for at least five months that we intended to inspect her computer, we believe that spoliation is a very real possibility in this case and therefore, the computer inspection may not reveal a "smoking gun." Moreover, you have had substantial opportunity to request a computer inspection since taking over this case and did not do so until today, even though we have sent you several reminders that your discovery responses and initial disclosures are overdue.

Finally, as mentioned above, the results of the computer inspection will not be available for approximately one month after the inspection is completed, and we do not want to delay this case any longer. Thus, in the interests of expediting this case, we cannot agree to extend the time for you to respond. Please contact your client to arrange for her to provide responses to our written discovery requests as soon as possible. If we do not receive your written responses by July 31, 2008, we will file a motion to compel.

I apologize for any confusion that may have arisen during our conversation today. Ultimately, however, we need you to respond to our discovery requests as soon as possible.

Sincerely,

Dawniell Zavala